Filed 12/11/13  P. v. Howard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063821 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD213029, SCS218537) |
| BRANDON LORENZO HOWARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Appeal dismissed.

Laurel M. Nelson, under appointment by the Court of Appeal.

No appearance by Respondent.

FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2008, Brandon Lorenzo Howard pled guilty in case number SCD213029 to a violation of Penal Code section 69, resisting an order of an executive officer, and admitted a strike prior conviction.  This case arose from an incident in January when a deputy sheriff at the San Diego County jail instructed appellant to return

to his cell and when the deputy reached out to escort him back to his cell, appellant punched the deputy in the eye. On June 16, 2008, appellant pled guilty in case number SCS218537 to a violation of Penal Code section 69. This case arose from an incident in March when appellant, who was in a holding cell awaiting transport to a court proceeding, swung at and hit a deputy sheriff above his eye.

In October 2008, appellant was sentenced to two years 8 months in state prison in case number SCD213029 and to a concurrent term of two years in case number SCS218537. After serving his sentence, and while on parole, appellant was hospitalized in May 2010 at Atascadero State Hospital as a mentally disordered offender (MDO) pursuant to Penal Code section 2962. He was conditionally released to San Diego County in April 2012 and shortly thereafter was admitted to Patton State Hospital as an MDO. At the time of his admission, appellant's parole termination date was May 3, 2013.

In January 2013, the District Attorney's office filed a petition to extend appellant's involuntary treatment as an MDO from May 3, 2013 to May 3, 2014 pursuant to Penal Code sections 2970 and 2972. On March 29, 2013 appellant executed a declaration agreeing to an extension of his commitment as an MDO for one year to May 3, 2014. In that declaration he waived his right to a jury trial, to subpoena and cross-examine witnesses, to present evidence on his own behalf, to be present at all proceedings, and to be examined by two independent doctors. On March 29, the court ordered that appellant's involuntary treatment be continued.

2

ANALYSIS

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal concerning the order continuing appellant's involuntary commitment as an MDO and requests this court to review the commitment proceedings in accord with *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. In making this request, counsel notes that in *People v. Taylor* (2008) 160 Cal.App.4th 304, the Second District considered whether the *Wende/Anders* procedures were applicable to MDO commitment cases and concluded they were not. (Petition for review denied by the California Supreme Court on May 21, 2008, S162026.) Counsel also acknowledges that in *In re Sade C.* (1996) 13 Cal.4th 952, our Supreme Court declined to apply *Wende/Anders* procedures to orders adversely affecting custody rights or parental status, and in *In re Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) held that the Lanterman-Petris-Short Act (Welf. & Inst. Code, §§ 5000 et seq.) conservatorship proceedings are not subject to *Wende/Anders* review. Appellant's counsel recognized the *Taylor* court relied on the reasoning in these two Supreme Court cases in reaching its holding. We agree with *People v. Taylor* and decline to apply *Wende/Anders* procedures to this MDO case.

In accordance with recommendations set forth in *Ben C., supra*, 40 Cal.4th at page 544, appellant counsel has prepared a brief setting forth the facts and the law, and has provided appellant with a copy of the brief and informed him of his right to file a supplemental brief. Our court has also provided appellant with a copy of the brief and informed him of his right to file a supplemental brief. Appellant responded with a two-

3

page letter which raises factual questions concerning a blanket and camera he asserts are relevant in case number SCD213029. However, he does not identify any issues concerning the involuntary commitment proceeding.

Because appellant has failed to raise an arguable issue on appeal from an order of recommitment, we decline to retain this case as is permitted by *Ben C.* and dismiss the appeal. (*Ben C., supra*, 40 Cal.4th at p. 544; *People v. Serrano* (2012) 211 Cal.App.4th 496, 501.)

DISPOSITION

The appeal is dismissed.


HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.


McINTYRE, J.

4